IN THE MATTER OF THE APPLICATION OF NOBU MITOBE FOR A WRIT OF HABEAS CORPUS.

July 5, 1913.

*Habeas corpus—Jurisdiction*: The case involving solely issues of fact, and appearing to have been fairly tried,—rehearing having been granted more than once for further proceedings, the court upon a petition for a writ of habeas corpus is without jurisdiction to modify or reverse the decision of the board of special inquiry denying admission to the applicant.

*Habeas Corpus*:   Petition for writ.

*J. Lightfoot* for petitioner.
*C. C. Bitting,* Assistant U. S. Attorney, for respondent.

DOLE, J.  The petitioner in this case arrived in May of this year and is refused admittance by the board of special inquiry on the ground that she had come here, or was brought here, for some immoral purpose, and that she is likely to become a public charge; that her passage has been paid for by money of another, and that it had not been satisfactorily shown that she did not belong to one of the excluded classes; to which ruling she took an appeal to the Secretary of Labor who affirmed the decision of the board of special inquiry.

Section second of the immigration act of February 20, 1907, 34 Stat. 898, as amended by the act of March 26, 1910, 36 Stat. 263, and the act of March 4, 1913, 37 Stat. 736, provides that there shall be excluded from the United States: persons likely to become a public charge; women or girls coming to the United States for the purpose of prostitution or for any other immoral purpose; contract laborers who have been induced or solicited to migrate to this country by force or promises of employment or in consequence of agreement, oral, written or printed, express or implied, to perform labor in this country of any kind skilled or unskilled; or any person whose ticket or passage is paid for with the money of another or who is assisted by others to come, unless it is affirmatively shown that such person last mentioned does not belong to one of the foregoing excluded classes and other excluded classes mentioned in the act not germane to this case, and that the ticket or passage was not paid for by any corporation, association, society, municipality or foreign government either directly or indirectly.

The board of special inquiry went into this case, examin-

ing witnesses as to the various grounds above mentioned for exclusion, and decided as set forth above that the applicant should be refused admission.

The case as tried involves issues of fact solely and appears to have been fairly tried, giving to the applicant abundant opportunity to introduce evidence. The case was reopened for further proceedings more than once and the views of the board of special inquiry remained unchanged after such further proceedings.

No ground has been shown whereby this court might or could assume jurisdiction in the case and it is therefore without authority to review and modify or reverse the decision of the board of special inquiry. The application is denied.